UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Betty Lee Jenkins,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America; Colette Peters, Director of the Federal Bureau of Prisons; Andre Matevousian, Regional Director for the Federal Bureau of Prisons; Warden Michael Segal, FCI-Waseca; Associate Warden Vaught, FCI-Waseca; Officer Koziolek, FCI-Waseca; Lee, Food Services Director, FCI-Waseca; Nelson, Director of Safety, FCI-Waseca; Officer Hodve, FCI-Waseca; Loeffler, H.S.A., FCI-Waseca; T. Peterson, Health Services Director, FCI-Waseca; Hillsman, CMC Coordinator FCI-Waseca; Dr. Reyna, FCI-Waseca; Dr. Swanson, FCI-Waseca; and Dr. Kidman, FCI-Waseca<br><br>    Defendants. | Case No. 23-cv-3253 (JRT/TNL)<br><br>REPORT AND RECOMMENDATION<br>AND<br>ORDER |

Betty Lee Jenkins, *pro se*, Reg. No. 18094-040, FCI-Waseca, P.O. Box 1731, Waseca, MN 56093.

**I. BACKGROUND**

  Plaintiff Betty Lee Jenkins, a federal prisoner, has filed the above-captioned civil complaint. [ECF No. 1]. Although Jenkins has paid the filing fee, because she is a prisoner, her Complaint is nevertheless subject to preservice review pursuant to 28 U.S.C.

1

§ 1915A(b)(1). Upon that review, this Court recommends that Jenkins's claims be dismissed, except: (1) her claims under the Federal Tort Claims Act (FTCA) alleging negligence against the United States for her exposure to synthetic cannabinoid (K2) smoke while incarcerated at the Federal Correctional Institution in Waseca, Minnesota (FCI-Waseca); and (2) her claims under the FTCA alleging negligence against the United States for the delay in providing her with medically necessary eye surgery.

Citing the 2023 Department of Justice, Office of Inspector General Report ("DOJ-OIG Report") on the operations of FCI-Waseca, Jenkins contends that she has been reporting those same concerns to FCI-Waseca officials since 2021 without any relief. Complaint at ¶¶ 22-23 [ECF No. 1]. With respect to her Complaint, Jenkins makes the following claims. First, Jenkins contends that due to the negligence of FCI-Waseca officials, her medically necessary eye surgery was delayed for "several years," causing her to suffer "profound blindness," which is more severe than being deemed "legally blind." *Id.* at ¶ 24. Second, citing the DOJ-OIG Report in support, Jenkins claims that FCI-Waseca officials' negligence—namely, their failure to provide proper ventilation or appropriate security—has caused her to be exposed to synthetic cannabinoid (K2) smoke and the risk of sexual and physical assault. *Id.* Third, Jenkins asserts that the findings of the DOJ-OIG Report show that FCI-Waseca officials have failed to satisfy their statutory obligations under 18 U.S.C. § 4042(a)(2) & (3) to provide "for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." *Id.* at ¶ 25. Fourth, Jenkins asserts that FCI-Waseca officials failed to make any substantive effort to house her (and others) according to their risk levels in violation of 18 U.S.C. § 3632(c) and

failed to offer sufficient evidence-based recidivism reduction programming or productive activities contrary to 18 U.S.C. § 3632(a)(5). *Id.* at ¶ 26.

Finally, Jenkins asserts a cause of action under *Bivens*, claiming that FCI-Waseca officials failed to protect her adequately from the risk of sexual and physical assault and from exposure to illicit drugs, including synthetic cannabinoids, and that she was denied timely medically necessary eye surgery, in violation of her rights under the Eighth Amendment. *Id.* at ¶ 29. Jenkins requests declaratory and injunctive relief and monetary damages. *Id.* at ¶¶ 28, 30.

In determining whether a complaint states a claim, the Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The factual allegations need not be detailed, but they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although pro se complaints, such as this one, are entitled to a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must nevertheless contain specific facts in support of the claims it advances. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). This Court addresses each of Jenkins's claims, in turn, below.

## II. LEGAL ANALYSIS

### A. Claims for Relief

#### 1. The Federal Tort Claims Act (FTCA)

Regarding Jenkins's claims under the FTCA, the FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2003) (quoting 28 U.S.C. § 1346(b)(1)). Jenkins claims that she notified officials at FCI-Waseca that she was being exposed to K2 smoke, but officials did not adequately respond to her concerns. According to Jenkins, her physical health has suffered from this exposure. Complaint at ¶ 24 [ECF No. 1].

Jenkins also claims that her medically necessary eye surgery was delayed for "several years" due to the negligence of the staff and management of the Health Services Department at FCI-Waseca. *Id.* Jenkins asserts that she became "profoundly blind" due to these delays. *Id.* Jenkins has named the United States as a defendant to her action and requests monetary damages. For the limited purpose of preservice review under 28 U.S.C. § 1915A(a), the Court recommends that Jenkins's claims under the FTCA proceed.

#### 2. Violations of 18 U.S.C. § 4042(a)(2)-(3)

Regarding Jenkins's third claim, Jenkins points to the findings of the DOJ-OIG report on the conditions of FCI-Waseca as evidence that FCI-Waseca has violated its statutory obligations pursuant to 18 U.S.C. § 4042(a)(2)-(3). Section 4042(a)(2)-(3), in turn, provides:

4

> (a) In General – The Bureau of Prisons, under the direction of the Attorney General, shall—
>
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
>
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;
>
> 18 U.S.C. § 4042(a)(2)-(3).

But these provisions describe the general duties of the BOP, they do not establish a cause of action for damages. *See Dudley v. Bureau of Prisons*, No. CIV 09-4024, 2009 WL 1390792, at *2 (D.S.D. May 18, 2009). Accordingly, Jenkins's claims alleging violations of 18 U.S.C. § 4042(a)(2)-(3) should be dismissed for failure to state a claim.

    3.  *Violations of 18 U.S.C. § 3632 et seq.*

Jenkins's fourth claim asserts that the defendants violated 18 U.S.C. § 3632(c) in failing to house prisoners, including herself, in accordance with their risk levels and that defendants violated 18 U.S.C. § 3632(a)(5) in failing to provide inmates at FCI-Waseca with an adequate number of evidence-based recidivism reduction programs and productive activities. As a threshold matter, "[t]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi.*, 441 U.S. 677 (1979). "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275 (2001). Nothing in 18 U.S.C. § 3632 *et seq.* expressly creates a private right of action.

Further, the commanding language of 18 U.S.C. § 3632 *et seq.* speaks exclusively to the Attorney General—directing the *Attorney General* to develop a risk and needs assessment system to be used to "reassign prisoners to appropriate evidence-based recidivism reduction programs or productive activities," *see* 18 U.S.C. § 3632(a), and to provide "guidance on program grouping and housing assignment determinations," *see* 18 U.S.C. § 3632(c). This is exactly the type of language that focuses "on the person regulated rather than the individuals protected," and therefore "creates no implication of an intent to confer rights on a particular class of persons." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) (quoting *Alexander*, 532 U.S. at 289) (internal quotations omitted)). Accordingly, Jenkins's claims alleging violations of § 3632(a)(5) and § 3632(c) should be dismissed for failure to state a claim.[1]

4. *Bivens*

Finally, Jenkins asserts several causes of action under *Bivens*. Specifically, Jenkins claims that the defendants failed to protect her from the risk of sexual and physical assault, failed to protect her from illicit drug smoke, and delayed her medically necessary eye surgery in violation of her constitutional rights.[2] Under *Bivens*, the "victims of a constitutional violation by a federal agent have a right to recover damages against [that] official in federal court despite the absence of any statute conferring such a right." *Carlson*

---

[1] Jenkins, moreover, has no liberty interest in her security classification or eligibility for rehabilitative programs. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (federal prisoners have no "statutory or constitutional entitlement sufficient to invoke due process" in their prison classification or eligibility for rehabilitative programs).

[2] As the Court understands it, Jenkins does not allege that she, herself, was the victim of sexual assault, or that she was specifically threatened with sexual or physical assault. Complaint at ¶ 24 [ECF No. 1]. Rather, citing the DOJ-OIG report, Jenkins claims that the conditions of FCI-Waseca present an unreasonable *risk* of harm from physical and sexual assault. *Id.*

6

*v. Green*, 446 U.S. 14, 18 (1980) (discussing *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971)).

Jenkins identifies the defendants in their individual and official capacities. (Compl. ¶ 21 (ECF No. 1)). But *Bivens* only applies to federal officials in their *individual* capacities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) ("The [federal] prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual."); *see also Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (dismissing *Bivens* claim against defendant in his official capacity because sovereign immunity precludes prosecution against the United States and its agencies). Jenkins's *Bivens* claims against the United States and the remaining defendants in their *official* capacities should therefore be dismissed.

This leaves Jenkins's individual capacity claims under *Bivens*. As a threshold matter, to establish an individual capacity claim, "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Here, Jenkins alleges, for one, that the defendants violated her constitutional rights by failing to protect her from the risk of physical and sexual assault and from illicit drug smoke. Complaint at ¶¶ 24, 29 [ECF No. 1]. Citing the DOJ-OIG Report, Jenkins claims that prisoners regularly use and exchange drugs and engage in sexual activity in the restrooms because they are aware that male FCI-Waseca corrections officers are reluctant (or unwilling) to monitor those areas, fearing that inmates may report baseless sexual

7

misconduct allegations against them. *Id.* But Jenkins establishes no facts suggesting that any specific defendant was "on duty" but failed to properly monitor the bathrooms when she was exposed to illicit drug smoke or sexual activity.

Indeed, Jenkins identifies 14 individual defendants to this action (or a total of 15 defendants including the United States of America), including Colette Peters, the Director of the Federal Bureau of Prisons, Andre Matevousian, the Regional Director of the Bureau of Prisons, Segal, the Warden of FCI-Waseca, and Vaught, the Associate Warden of FCI-Waseca. Complaint at ¶¶ 6-9 [ECF No. 1]. But there are no allegations that any of these defendants were personally aware that Jenkins was specifically at risk of sexual or physical assault and then ignored that risk or that they specifically allowed Jenkins to be exposed to smoke from illicit drugs. Peters (or any other supervisor), moreover, is not liable for the constitutional torts of her subordinates merely because of her role as supervisor. *See Iqbal*, 556 U.S. at 677 (noting that, under *Bivens*, supervisors cannot be held liable solely on the basis that an agent under his or her supervision acted wrongly).

Further, Jenkins has failed to establish a *constitutional* claim. "A prison official violates the Eighth Amendment by being deliberately indifferent either to a prisoner's existing serious medical needs or to conditions posing a substantial risk of serious future harm." *Weaver v. Clarke*, 45 F.3d 1253, 1255 (8th Cir. 1995) (comparing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (existing medical needs) with *Helling v. McKinney*, 509 U.S. 25 (1993)(risk of future harm)). "To show deliberate indifference, the [inmate] must prove both that the official's acts objectively caused a sufficiently serious deprivation and

that the official had a subjectively culpable state of mind." *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998) (citation omitted).

"The subjective prong of deliberate indifference is an extremely high standard that requires a mental state of more than gross negligence." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). It "requires a mental state 'akin to criminal recklessness.'" *Id.* (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)). "The subjective component of deliberate indifference requires proof that [the defendants] actually knew of and recklessly disregarded this substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006). But "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

But here Jenkins establishes no facts to suggest that any of the defendants acted with deliberate indifference. For example, although Jenkins identifies Defendant Hodve as "responsible for the HVAC and ventilation systems in the facilities department at FCI Waseca," Complaint at ¶ 13 [ECF No. 1], there are no facts that Defendant Hodve (or any other defendant) knew the ventilation system posed a significant risk of harm to Jenkins and then disregarded that risk. Accordingly, to the extent that Jenkins has identified Defendant Hodve as personally responsible for maintaining the HVAC system at FCI-Waseca, Jenkins has failed to establish a constitutional claim for failure to protect under the Eighth Amendment. Accordingly, Jenkins's claims under *Bivens* for "failure-to-

9

protect" from the risk of physical and sexual assault and from illicit drug smoke should be dismissed.[3]

This leaves Jenkins's claim that her medically necessary eye surgery was delayed, evincing deliberate indifference to a serious medical need in violation of the prohibition against cruel-and-unusual punishment under the Eighth Amendment. Complaint at ¶ 24 [ECF No. 1]. But there are at least two problems with Jenkins's *constitutional* claim. First, Jenkins does not explicitly establish *who* was responsible for scheduling her surgery or *who* did *what* to delay those surgeries. Second, even if this Court liberally construes Jenkins's Complaint as saying that Defendant Kidman, an optometrist who is "responsible for the care of those housed at FCI-Waseca needing optometry services," was personally responsible for Jenkins's medical care, Jenkins has failed to establish that Defendant Kidman acted with deliberate indifference as to that care. "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond

---

[3] To be sure, the United States Supreme Court has only recognized a cause of action under *Bivens* in three limited circumstances: excessive force claims under the Fourth Amendment involving a warrantless search and illegal arrest, *see Bivens*, 403 U.S. at 388; workplace gender discrimination claims in violation of the procedural due process clause of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979), and claims alleging deliberate indifference to a serious medical need in violation of the prohibition against cruel-and-unusual punishment under the Eighth Amendment, *see Carlson*, 446 U.S. at 14. *See also Ahmed v. Weyker*, 984 F.3d 564, 567 (8th Cir. 2020) ("On only three occasions has the Supreme Court recognized a cause of action under *Bivens*."). Recently, the Supreme Court made it clear that any further expansion of *Bivens* beyond these three contexts is "a disfavored judicial activity." *Hernandez v. Mesa*, 140 S.Ct. 735, 742 (2020). ]
   The Supreme Court has not previously recognized a *Bivens* action for "failure to protect" from illicit drug smoke or the risk of sexual or physical assault. Thus, in determining whether to extend *Bivens* to these new contexts, "[courts] ask whether there are any special factors that counsel hesitation about granting the extension." *Hernandez v. Mesa*, 140 S.Ct. 735, 743 (2020) (internal citations omitted). "The focus is on whether there are any special factors that cause [the court] to pause before acting without express congressional authorization." *Ahmed v. Weyker*, 984 F.3d 564, 570 (8th Cir. 2020) (cleaned up). Because "[i]t does not take much," *id.*, to find special factors warranting judicial restraint, it is unlikely Jenkins could establish a cognizable *Bivens* claim for "failure to protect" based on the facts alleged in her Complaint.

to prisoner's serious medical needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Here, by contrast, Jenkins asserts that she was examined by "specific eye doctors" and several eye surgeries were scheduled during the pandemic, but then canceled. Complaint at ¶ 24 [ECF No. 1]. Accordingly, Jenkins has not established sufficient facts showing that Defendant Kidman acted with deliberate indifference—a state of mind equivalent to the criminal law definition of recklessness—in Jenkins's medical treatment for her eyes. Jenkins's *Bivens* claim for failure to provide constitutionally adequate medical care should therefore also be dismissed.

### B. Injunctive and Declaratory Relief

Jenkins requests an injunction both to "cease all operations at FCI Waseca until such time as the [BOP] can correct the unsafe conditions" and to prevent the transfer of any individual, including herself, to any other BOP facility "in which the same threats to health and safety exist." Complaint ¶ 28 [ECF No. 1]. She also requests declaratory relief. *Id.* at ¶ 33.

Of Jenkins's claims, this Court recommends that only the FTCA claim proceed. The only available remedy under the FTCA is for money damages. 28 U.S.C. § 1346(b). Because there is no authority under the FTCA for the Court to issue any other sort of relief, Jenkins's requests for injunctive and declaratory relief should be denied. [4] *See Estate v.*

---

[4] Jenkins has submitted over 200 pages of exhibits in support of her claims, including a second complaint which appears almost identical to (but not entirely duplicative of) the original. *See, e.g.* [ECF No. 1-1]; [ECF No. 2] Although pro se complaints are to be liberally construed, this Court declines to comb through Jenkins's filings on her behalf, searching for the factual allegations necessary to sustain a viable cause of action. *See Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (federal courts are not required to "divine the litigant's intent and create claims that are not clearly raised").

11

*Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) ("[T]he district court lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief.").

### III. RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Betty Lee Jenkins's claims, [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE, EXCEPT**:

    a. Jenkins's claim pursuant to the Federal Tort Claims Act (FTCA) that negligence by the United States caused her to be exposed to synthetic cannabinoid smoke, damaging her health; and

    b. Jenkins's claim pursuant to the FTCA that negligence by the United States delayed medically necessary eye surgeries, damaging her vision.

2. Plaintiff Jenkins's request for injunctive relief be **DENIED**; and,

3. Plaintiff Jenkins's request for declaratory relief be **DENIED**.

### IV. ORDER

Further, this Court **HEREBY ORDERS THAT**:

1. Each defendant upon whom service of process is properly effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g).

2.   Jenkins remains responsible for effecting service of process on the United States of America in this matter.  *See* Fed. R. Civ. P. 4.

Dated: December  6  , 2023           *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota


*Jenkins v. United States of America et al.*
Case No. 23-cv-3253 (JRT/TNL)


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  See Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).