UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BETTY LEE JENKINS,

                Plaintiff,

v.

UNITED STATES OF AMERICA; COLETTE PETERS, *Director of the Federal Bureau of Prisons*; ANDRE MATEVOUSIAN, *Regional Director of the Federal Bureau of Prisons*; WARDEN MICHAEL SEGAL, *FCI Waseca*; ASSOCIATE WARDEN VAUGHT, *FCI Waseca*; OFFICER KOZIOLEK, *FCI Waseca*; LEE, *Food Services Director FCI Waseca*; NELSON, *Director of Safety FCI Waseca*; OFFICER HODVE, *FCI Waseca*; LOEFFLER, *H.S.A. FCI Waseca*; T. PETERSON, *Health Services Director FCI Waseca*; HILLSMAN, *CMC Coordinator FCI Waseca*; DR. REYNA, *FCI Waseca*; DR. SWANSON, *FCI Waseca*; and DR. KIDMAN, *FCI Waseca*,

                Defendants.

Civil No. 23-3253 (JRT/TNL)

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

---

Betty Lee Jenkins, 12659 Eight Mile Road, Arva, ON NOM 1CO, Canada, *pro se* Plaintiff.

Ana H. Voss and Emily M. Peterson, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant United States of America.

Plaintiff Betty Lee Jenkins filed this action while incarcerated in federal prison. She included five causes of action against the United States of America, Federal Bureau of

Prisons ("BOP") officials, and Federal Correctional Institution Waseca (FCI Waseca) staff. Magistrate Judge Tony N. Leung recommended the Court dismiss all claims without prejudice except for the claims against the United States under the Federal Tort Claims Act ("FTCA"). Because the Court agrees with the Magistrate Judge's findings after reviewing Jenkins's objections de novo, the Court will overrule Jenkins's objections and adopt the Report and Recommendation ("R&R").

## BACKGROUND

Jenkins recently finished serving a sentence at FCI Waseca.[1] (Compl. ¶ 4, Oct. 23, 2023, Docket No. 1.); *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 23, 2024). Prior to her release, Jenkins filed this current action against the United States, BOP officials, and employees at FCI Waseca alleging numerous harms stemming from her incarceration. (*See* Compl. ¶¶ 3–21.) These harms include blindness as a result of inadequate eye care, "detrimental health effects" from exposure to synthetic cannabinoid, increased risk of sexual and physical assault, and lack of access to adequate programming. (*Id.* ¶¶ 24–26.) Jenkins alleges that FCI Waseca's systemic deficiencies are documented in a Report from the

---

[1] While Jenkins has since been released, she was a "prisoner" under 28 U.S.C. § 1915A(c) when she filed her Complaint, so it is still subject to preservice review. 28 U.S.C. § 1915A(a); *Domino v. Garland*, No. 20-2583, 2021 WL 1221188, at *1 (D. Minn. Apr. 1, 2021) (applying § 1915A to a plaintiff released from custody after the Magistrate Judge issued their Report and Recommendation because he was incarcerated when the complaint was filed).

Department of Justice Office of the Inspector General and that she herself has been reporting issues to FCI Waseca for years without relief.  (*Id.* ¶¶ 22–23; *see also id.* Ex. A.)

Jenkins brings five causes of action: (1) negligence by FCI Waseca officials under the FTCA for delaying her medically necessary eye surgery; (2) negligence by FCI Waseca officials under the FTCA for exposure to synthetic cannabinoid and risk of physical and sexual violence; (3) failure by the BOP to maintain their statutory duty under 18 U.S.C. § 4042(a)(2)–(3); (4) failure by the BOP to maintain their statutory duty under 18 U.S.C. § 3632; and (5) two causes of action under *Bivens* against the Defendants for their failure to protect Jenkins and their deliberate indifference to her serious medical need.  (*Id.* ¶¶ 24–29.)  Jenkins requests money damages under the FTCA as well as declarative and injunctive relief.  (*Id.* ¶¶ 28, 30.)

On preliminary screening, the Magistrate Judge filed an R&R recommending the Court dismiss all claims without prejudice except for the negligence claims under the FTCA against the United States.  (R. & R. at 12, Dec. 6, 2023, Docket No. 6.)  Further, the Magistrate Judge recommended denying Jenkins's request for injunctive and declaratory relief because the FTCA only provides for money damages.  (*Id.* at 11–12.)  Jenkins timely filed objections to the R&R.  (Obj. to R. & R., Dec. 18, 2023, Docket No. 11.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2);

-3-

*accord* D. Minn. LR 72.2(b).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Eighth Circuit instructs courts to liberally construe general and conclusory pro se objections to R&Rs and to conduct de novo review of all alleged errors.  *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  However, "pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.   ANALYSIS**

Jenkins's objections stem mostly from the recommended dismissal of her *Bivens* actions.  She claims that if the Court considered the exhibits attached to her Complaint, it

would find sufficient factual pleadings.[2] Apart from her *Bivens* objections, Jenkins also reiterates her allegation that Defendants violated 18 U.S.C. § 4042(a)(2)–(3). Because a failure to protect claim is not a recognized *Bivens* action, the deliberate indifference claim is insufficiently pled, and 18 U.S.C. § 4042(a)(2)–(3) does not provide a private right of action, the Court will overrule Jenkins's objections. On all other issues, the Court does not find any clear error and thus will adopt the R&R.

### A.     *Bivens* Claims

*Bivens* established that a victim of constitutional violations by a federal actor may recover damages against the actor in federal court even if no statutory cause of action exists. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In essence, *Bivens* recognizes implied causes of action under the Constitution, although the Supreme Court has only formally recognized such an implied right for three types of claims: under the Fourth Amendment for unreasonable search and seizure, under the Fifth Amendment for sex discrimination, and under the Eighth Amendment for deliberate indifference to a serious medical condition. *See Bivens*, 403 U.S. at 389; *Davis v. Passman*, 442 U.S. 228, 244, 248–49 (1979); *Carlson v. Green*, 446 U.S. 14, 17–23 (1980).

---

[2] Jenkins makes a general statement that because she submitted copious documentation her claims are sufficiently supported. However, even a voluminous record must still meet the pleading standards.

Here, Jenkins alleges two causes of action under *Bivens*.[3] First, she alleges a failure to protect from synthetic cannabinoid smoke and the risk of sexual and physical abuse. Second, she alleges deliberate indifference to her serious medical need for necessary eye surgery.

### 1. Failure to Protect

Failure to protect is not an explicitly recognized cause of action under *Bivens* and extending *Bivens* is strongly disfavored. *Egbert v. Boule*, 596 U.S. 482, 491 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130–31 (2017). In deciding whether to extend *Bivens* to a new context, the Court must consider whether the alleged cause of action is different in a meaningful way from the three recognized *Bivens* actions and, if so, whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 582 U.S. at 136 (quoting *Carlson*, 446 U.S. at 18).

Jenkins characterizes her failure to protect claim as deliberate indifference to a substantial risk of harm. Though it may seem that deliberate indifference to a substantial risk of harm fits within the recognized *Bivens* action for deliberate indifference to a serious medical condition, the subject matter of the deliberate indifference is distinct.

---

[3] As an initial matter, Jenkins brings claims against the Defendants in their individual and official capacities. However, Bivens only applies to federal officials in their individual capacities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001); *see also Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). Accordingly, the Court will adopt the R&R's recommendation to dismiss Jenkins's claims against the United States and other Defendants in their official capacities.

The Supreme Court has held that any meaningful difference, even if small, would extend *Bivens* to a new context. *Ziglar*, 582 U.S. at 147 ("[E]ven a modest extension is still an extension."). In *Carlson*, the Supreme Court recognized an implied cause of action against federal prison officials for failing to provide proper medical attention to an inmate with chronic asthma. *Carlson*, 446 U.S. at 17; *Green v. Carlson*, 581 F.2d 669, 670–71 (7th Cir. 1978). Substantial risk of harm from synthetic cannabinoid smoke or sexual and physical abuse is not the same as failure to treat a serious medical condition like chronic asthma. Jenkins did not establish any diagnosed medical condition that increased her risk in these scenarios. Instead, she alleged FCI Waseca allowed generalized risks to perpetuate. Thus, Jenkins's failure to protect claim is different in a meaningful way from the recognized *Bivens* action for deliberate indifference to a serious medical condition.

Jenkins relies on *Farmer v. Brennan* to support her *Bivens* claim for failure to protect or deliberate indifference to a substantial risk of physical or sexual harm. *Farmer* seems to extend *Bivens* to this context. However, more recently the Supreme Court has strongly discouraged extending *Bivens* beyond the three recognized actions, of which failure to protect is not one. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Egbert*, 596 U.S. at 491. District Courts are following suit even with *Farmer* remaining good law. *Gater*, 2021 WL 868433, at *3 n.1 (concluding failure to protect is not a confirmed *Bivens* action); *Palmer v. Gardner*, No. 22-113, 2023 WL 3231614, at *3 (N.D. Iowa May 3, 2023) (describing *Farmer* as establishing the "deliberate indifference" standard and not

expanding *Bivens*). The Supreme Court also explained that prior cases that seem to expand *Bivens* are given little weight as they predate the current analysis to implied causes of action under *Bivens*. *Egbert*, 596 U.S. at 500–01.

Because Jenkins's failure to protect claim is meaningfully different from the recognized *Bivens* actions, the Court must consider whether there are "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 582 U.S. at 136 (quoting *Carlson*, 446 U.S. at 18). The strongest argument counseling hesitation is that the Supreme Court recently spelled out the three types of *Bivens* actions and failure to protect was excluded from the list. Another factor that counsels against extending *Bivens* is the availability of other forms of relief. *Id.* at 145. Here, Jenkins may seek relief under the FTCA. *Gater v. Carvajal*, No. 20-146, 2021 WL 868433, at *3 (E.D. Ark. Feb. 23, 2021). Because Jenkins can still seek relief under the FTCA and the Supreme Court has not formally acknowledged this type of *Bivens* action, the Court will refrain from extending *Bivens* to failure to protect.

The Court will overrule Jenkins's objections and adopt the Magistrate Judge's R&R dismissing Jenkins's failure to protect claim under *Bivens*.

### 2. Deliberate Indifference to a Serious Medical Condition

In contrast to failure to protect, deliberate indifference to a serious medical condition is a cause of action recognized under the *Bivens* doctrine. *Carlson v. Green*, 446 U.S. 14, 16–18 (1980). To sustain a claim for deliberate indifference, a plaintiff must prove that: (1) she suffered from objectively serious medical needs and (2) that the officials

knew of and deliberately disregarded those needs. *Webb v. Hedrick*, 409 F. App'x 33, 34 (8th Cir. 2010). Deliberate indifference requires more than negligence and is "akin to criminal recklessness." *Smith v. United States*, No. 13-3277, 2015 WL 278252, at *12 (D. Minn. Jan. 22, 2015).

Jenkins's eye condition was undoubtably serious and difficult to live with, requiring surgery and resulting in worsening blindness. But an objectively serious medical need is only half of the equation. Jenkins also needed to plead that specific Defendants knew about her condition and **deliberately** disregarded her needs, which she failed to do. Instead, she makes general allegations against all the Defendants without specifying who allegedly knew of and deliberately disregarded her need for eye surgery.[4] Jenkins cites to Exhibits C, D, and E of her Complaint as supporting evidence. Exhibit C broadly accuses the medical department and FCI Waseca staff of acting with deliberate indifference and includes copies of Jenkins's administrative claims for damages. Exhibit D relays extensive medical information about the necessity of the eye surgery but offers no additional insight into the allegedly deliberate behavior by Defendants. Exhibit E documents the number of reports Jenkins made to the staff at FCI Waseca but again adds nothing to suggest that anyone specific engaged in any deliberate conduct by ignoring her need for eye surgery.

---

[4] Jenkins alleges in her Complaint that the eye surgery was never provided however, Exhibit C indicates it was in fact performed on February 6, 2023.

Though Jenkins alleges in her objections to the R&R that, Dr. Kidman, Ms. T. Peterson, Ms. Loeffler, and Ms. Koziolek deliberately delayed her eye surgery, the Complaint does not include such allegations against these Defendants.  In fact, beyond being listed as defendants, the Court finds no reference to these Defendants throughout the Complaint or in the attached Exhibits.  As such, the Court need not consider the additional allegations in Jenkins's objections because the sufficiency of the pleadings depends on the allegations in the Complaint alone.  *Glover v. Bostrom*, No. 18-285, 2019 WL 446569, at *2 n.5 (D. Minn. Feb. 5, 2019).

Even if the Court were to consider the new accusations in the objections, all they do is make additional generic accusations of deliberate indifference.  The allegation about Ms. Koziolek is the most substantiated in that she rescheduled the surgery, but even Jenkins concedes that the reason for the rescheduling was due to a "breach of security." (Obj. to R. & R. at 2.)  This one example of the surgery being rescheduled, especially when a plausible explanation is given, is insufficient to meet the "deliberate indifference" mental state.  As such, the Court will overrule Jenkins's objections and adopt the Magistrate Judge's recommendation to dismiss her *Bivens* claim for deliberate indifference to a serious medical condition.

### B.     18 U.S.C. § 4042(a)(2)–(3) Claim

In her objections to the R&R, Jenkins reasserts her claim under 18 U.S.C. § 4042(a)(2)–(3) that the staff at FCI Waseca failed to provide suitable quarters and protection.   The Court recognizes that Jenkins makes serious accusations about

deficiencies at FCI Waseca that if true should certainly be remedied. However, this statute provides standards for the BOP, not a private right of action. *Henny v. United States*, No. 23-2773, 2023 WL 8802869, at *1 (D. Minn. Dec. 20, 2023). Thus, to the extent that Jenkins asserts violations of constitutional rights under 18 U.S.C. § 4042, those violations do not create a claim under the statute. Accordingly, the Magistrate Judge correctly determined that Jenkins's claim under 18 U.S.C. § 4042(a)(2)–(3) should be dismissed.

## CONCLUSION

While incarcerated, Jenkins filed this action alleging several harms. The Magistrate Judge recommended the Court dismiss all her claims except the FTCA negligence claims against the United States. Jenkins objected to the recommended dismissal of her causes of actions under *Bivens* and her claim under 18 U.S.C. § 4042(a)(2)–(3). Because the Court will not extend *Bivens* to failure to protect and Jenkins failed to adequately plead deliberate indifference to a serious medical need, the Court will overrule her objections. Because 18 U.S.C. § 4042(a)(2)–(3) does not provide a private right of action, the Court will overrule Jenkins's objection regarding this claim as well. As such, the Court will adopt the R&R and dismiss Jenkins's Complaint without prejudice[5] except for the FTCA claims against the United States.

---

[5] Dismissal without prejudice means that Jenkins can make any necessary changes and refile her Complaint. However, no amount of additional information or changes will allow the Court to consider the merits of a claim that lacks a cause of action.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 11] are **OVERRULED;**

2. The Report and Recommendation [Docket No. 6] is **ADOPTED**; and

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE, except**:

    a. Plaintiff's Claims of Negligence under the Federal Tort Claims Act against the United States.

DATED:  March 4, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge